UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.A.M.R., <br><br> Petitioner, <br><br> v. <br><br> MINGA WOFFORD, et al., <br><br> Respondents. | No. 1:25-cv-01955-TLN-EFB <br><br><br> **ORDER** |

On December 21, 2025, the Court granted Petitioner O.A.M.R.'s ("Petitioner") Motion for a Temporary Restraining Order ("TRO") releasing Petitioner and ordered Respondents to show cause why a preliminary injunction should not issue on the same terms. (ECF No. 6.) In response, Respondents argue a preliminary injunction should not issue because Petitioner is subject to the mandatory detention framework of § 1225(b). (ECF No. 11 at 2.) Petitioner filed a reply. (ECF No. 12.)

The Court finds it need not engage with Respondents' statutory interpretation argument, because even if Respondents were correct, Petitioner is still entitled to constitutionally compliant due process when the Government revokes a conferred liberty interest.[1] *Zadvydas v. Davis*, 533

---

[1] The Court has already found Petitioner established each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 6.) Because the standard for issuing a TRO is

1

1  U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United

2  States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or

3  permanent."). As this Court held previously, Petitioner has lived in the United States for eighteen

4  years, has two minor United States citizen children, is gainfully employed, and has a clear interest

5  in his continued freedom. Respondents do not contest any of these facts nor provide any

6  justification for detaining Petitioner without compliance with constitutional protections.

7       Thus, to prevent further irreparable harm, the Court issues a preliminary injunction.

8  Respondents are enjoined and restrained from imposing additional restrictions on Petitioner's

9  terms of release, unless such restrictions are determined to be necessary at a future pre-

10 deprivation/custody hearing. Respondents are further enjoined and restrained from re-arresting or

11 re-detaining Petitioner absent compliance with constitutional protections, including seven-days'

12 notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the

13 Government shall bear the burden of proving by clear and convincing evidence that Petitioner

14 poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his

15 counsel present.

16      Pursuant to Local Rule 302(a), this matter is hereby REFERRED to the assigned

17 Magistrate Judge for further proceedings.

18      IT IS SO ORDERED.

19 Date: January 16, 2026

20 _____

21     TROY L. NUNLEY
    CHIEF UNITED STATES DISTRICT JUDGE

---

"substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO, does not duplicate its analysis here, and only addresses new arguments raised by the parties.